## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
### Harrisburg Division

| | |
|---|---|
| GRAYSCALE BREWING LLC D/B/A URBAN ARTIFACT<br><br>　　　Plaintiff,<br><br>v.<br><br>COL. CHRISTOPHER PARIS, Commissioner of the Pennsylvania State Police; and TIM HOLDEN, Chairman of the Pennsylvania Liquor Control Board, all in their official capacities,<br><br>　　　Defendants. | **Civil Action No.**<br><br><br>**COMPLAINT** |

### INTRODUCTION

1.　Plaintiff Grayscale Brewing LLC d/b/a Urban Artifact ("Urban Artifact") is a successful and creative microbrewery. Based in Ohio, Urban Artifact has a variety of well-regarded brews. In fact, its Pickle Beer recently won the gold medal in the Fruit and Field category at the 2024 Best of Craft Beer Awards. Due to its successful products, Urban Artifact beers are sold through its website to happy customers across the country. But not, unfortunately, in Pennsylvania.

2.　The Pennsylvania Liquor Control Board ("Liquor Board") enforces cost-prohibitive trade barriers on out-of-state breweries. While

1

the Liquor Board allows in-state breweries to sell and ship beer directly to Pennsylvania consumers in unlimited quantities, it does not afford out-of-state breweries the same rights and privileges. The Liquor Board requires out-of-state breweries like Urban Artifact to obtain a shipping license that limits the amount of beer that they can ship directly to Pennsylvania consumers. It also requires out-of-state breweries to obtain a retail or wholesale license in their home state.

3.     These additional burdens on entry into the Pennsylvania market prevent out-of-state breweries from competing freely with in-state breweries in violation of the dormant Commerce Clause. Plaintiff requests a declaratory judgment that the facially discriminatory laws are unconstitutional and a permanent injunction restraining Pennsylvania officials from enforcing the discriminatory laws.

## JURISDICTION AND VENUE

4.     Urban Artifact brings this civil rights lawsuit under 42 U.S.C. § 1983 to vindicate its rights under the dormant Commerce Clause. This Court has jurisdiction over this action for declaratory and injunctive relief based on 28 U.S.C. §§ 1331 (federal question jurisdiction), 1343 (civil rights jurisdiction), and 2201-02 (the Declaratory Judgment Act).

5.     Venue is proper in this Court based on 28 U.S.C. § 1391(b), because all the Defendants reside in this district and a substantial part of the acts giving rise to Plaintiff's claim have occurred or will occur in the Middle District of Pennsylvania.

## PARTIES

6.     Plaintiff Grayscale Brewing LLC d/b/a Urban Artifact ("Urban Artifact") is a limited liability company organized under Ohio law. It has an Ohio-issued brewery license to manufacture beer and an Ohio-issued beer retail license. Urban Artifact manufactures beer in Cincinnati, Ohio, and sells it in Ohio and other states via the internet. Given its proximity to Pennsylvania, Urban Artifact would sell beer directly to consumers in Pennsylvania but the state's beer shipping laws make doing so economically unfeasible.

7.     Defendant Col. Christopher Paris is Commissioner of the Pennsylvania State Police. State law tasks the Pennsylvania State Police Bureau of Liquor Control Enforcement with enforcing Pennsylvania's beer laws and regulations ("Bureau"). 47 P.S. § 2-211; *Conchatta Inc. v. Miller*, 458 F.3d 258, 260 n.1 (3d Cir. 2006). Defendant Col. Paris is responsible for enforcing the laws challenged in this lawsuit because as

3

Pennsylvania State Police Commissioner he oversees the Bureau. He is sued in his official capacity only.

8.     Defendant Tim Holden is the Chairman of the Pennsylvania Liquor Control Board. Under Pennsylvania law, the Liquor Board is responsible for regulating the manufacture, importation, sale, and distribution of beer. 47 P.S. §§ 2-207; 2-208. This includes issuing licenses to individuals and businesses to engage in those activities. *Id.* §§ 2-207; 2-208(h); 4-431; 4-448. The Board also renders legal opinions that are legally binding on the Bureau. *Id.* § 2-211.1. As Chairman of the Liquor Board, Defendant Holden is responsible for enforcing the laws challenged in this lawsuit. He is sued in his official capacity only.

## FACTUAL ALLEGATIONS

### A.   The challenged laws

9.     Under Pennsylvania law, in-state breweries are those with a physical presence in the state and with a Pennsylvania-issued manufacturing license.

10.   In-state breweries can ship beer directly to consumers for off-premises consumption "in containers or packages of unlimited quantity

and of any volume." Liquor Board, Advisory Opinion No. 16-009 (Mar. 9, 2016);[1] *see also* 47 P.S. § 4-440.

11.   These direct-to-consumer sales can take place via the internet, over the phone, or in-person.

12.   In-state breweries may use third-party shippers—such as FedEx or UPS—if the third-party shipper has a "transporter for-hire license." Advisory Opinion No. 16-009.

13.   Out-of-state breweries are those that do not have a Pennsylvania-issued beer manufacturing license. 47 P.S. § 4-431(a). Pennsylvania only makes these licenses available to breweries physically located in the state.

14.   Title 47 P.S. § 4-448(a) ("Direct Shipping Statute") governs shipments by out-of-state breweries to Pennsylvania residents. Out-of-state breweries that wish to ship beer directly to consumers in Pennsylvania must obtain a "direct malt or brewed beverage shipper license" from the Liquor Board. 47 P.S. § 4-448(c).

15.   Further, in order to ship to Pennsylvania residents, out-of-state breweries must also obtain a "wholesaler or retailer" license from their home state. 47 P.S. § 4-448(b).

---

[1] https://collab.pa.gov/lcb/Extranet/Advisory%20Opinions/16-009.pdf

16.    Conversely, in-state breweries do not need a separate retail or wholesale license to ship beer directly to consumers. The licensing authorities in Pennsylvania charge fees for obtaining a Pennsylvania-issued retail license or wholesale license. In-state breweries do not have to incur these fees in order to ship beer directly to consumers and can instead rely on their Pennsylvania-issued manufacturing license.

17.    Unlike in-state breweries, out-of-state breweries cannot directly ship more than 90 oz. a month to a single consumer. 47 P.S. § 4-448(b).

18.    And out-of-state breweries may not ship more than 96 oz. of a specific brand of beer to a Pennsylvania consumer in one year. 47 P.S. § 4-448(b).

19.    Out-of-state breweries may avoid these restrictions if they sell through a Pennsylvania-approved "importing distributor." 47 P.S. § 4-431(b). These distributors charge significant fees for their services.

20.    In-state breweries are not required to use a Pennsylvania-approved importing distributor.

21.    Out-of-state breweries that violate Pennsylvania's beer shipping laws face criminal penalties, including fines up to $500 plus $2 per fluid ounce in each container of beer found on the premises "where the sale

was made or attempted." 47 P.S. § 4-494(c); *see also* § 4-448(e). Jail time is also possible for repeatedly violating the shipping laws. *Id.* § 4-494(a).

## B.  Plaintiff Urban Artifact

22.  Urban Artifact's owners founded it in 2015 with a passion for building a business that allows them to earn a living, pay its employees well, and provide a unique product experience for its customers.

23.  Urban Artifact's brewery and taproom are in Cincinnati, Ohio. The company currently holds Ohio-issued licenses to manufacture and sell its beer retail. Urban Artifact brews its beer using real fruit infused during the brewing process. It serves a niche part of the already niche craft beer industry.

24.  Urban Artifact maintains a website for consumers to order its beer through the internet and have it shipped directly to them.

25.  Urban Artifact seeks to expand its direct-to-consumer shipping business to consumers in nearby Pennsylvania. Urban Artifact acquired a direct beer shipping license from Pennsylvania under the direct shipping statute in 2021, but because the quantity restrictions made shipping to Pennsylvania cost prohibitive, Urban Artifact allowed the license to expire on December 31, 2021.

7

26.  Urban Artifact has received requests from Pennsylvania residents for direct shipments of beer ordered over the internet.

27.  Urban Artifact's direct-to-consumer shipping webpage explains to Pennsylvania residents that it is prohibited from shipping there due to the state's current laws.

28.  But for the direct shipping statute's quantity restrictions, Urban Artifact is ready, willing, and able to apply for another direct beer shipping license and resume developing its direct-to-consumer beer shipping business in Pennsylvania.

29.  Selling beer in Pennsylvania through a distributor raises Urban Artifact's cost of doing business because distributors charge significant fees for their services. Urban Artifact would not have to pay these fees if it were located in Pennsylvania.

30.  Urban Artifact seeks access to the direct-to-consumer market in Pennsylvania. It aims to provide Pennsylvania residents with the opportunity to enjoy its award-winning products.

31.  But for the laws discriminating against out-of-state breweries, Urban Artifact would resume its direct-to-consumer beer shipping business in Pennsylvania. Urban Artifact would comply with all the other

requirements in the direct shipping statute concerning taxes, permits, age verification, and reporting requirements. *See* 47 P.S. § 4-448. Just like Urban Artifact does with its direct shipment in other states, it would comply with all of Pennsylvania's non-discriminatory laws.

## CAUSE OF ACTION

### Violation of the dormant Commerce Clause

### U.S. Const. art. I, § 8 and 42 U.S.C. § 1983

32.   Plaintiff alleges and incorporates by reference every allegation set forth in the preceding paragraphs.

33.   Article I, Section 8, Clause 3 of the U.S. Constitution grants to Congress the power "to regulate Commerce . . . among the several States." The U.S. Supreme Court has interpreted the Commerce Clause as having a "dormant" or "negative" aspect that prohibits states from enacting laws that excessively burden interstate commerce in relation to their putative local benefits and allows courts to strike down state laws that discriminate against out-of-state economic interests. *Tenn. Wine & Spirits Retailers Ass'n v. Thomas*, 588 U.S. 504, 514 (2019); *Pike v. Bruce Church, Inc.*, 397 U.S. 137, 142 (1970).

34.   Thus, state laws "violate the Commerce Clause if they mandate 'differential treatment of in-state and out-of-state economic interests that benefits the former and burdens the latter.'" *Granholm v. Heald*, 544 U.S. 460, 472 (2005).

35.   Here, Pennsylvania state law on its face, in effect, and in its purpose burdens interstate commerce by limiting the amounts of beer that out-of-state breweries can ship to Pennsylvania consumers while allowing in-state breweries to ship unlimited amounts of beer to the same consumers. 47 P.S. § 4-448.

36.   Additionally, Pennsylvania state law on its face, in effect, and in its purpose burdens interstate commerce by requiring out-of-state breweries to obtain a retail or distributor license from their home state in order to qualify for a license to ship beer directly to consumers. *Id.* The law does not impose a similar requirement on in-state breweries.

37.   By refusing to allow Urban Artifact to sell, ship, and deliver beer upon the same terms as in-state breweries, Pennsylvania state law on its face, in effect, and in its purpose unfairly discriminates against interstate commerce. This discrimination provides unfair economic advantages and

protection to its in-state breweries at the expense of Urban Artifact and other out-of-state breweries.

38.   Pennsylvania does not have legitimate nonprotectionist grounds, or indeed any constitutionally justifiable grounds for its discriminatory and protectionist restrictions on out-of-state breweries.

39.   Pennsylvania's differential and unfair treatment of in-state and out-of-state breweries violates the Commerce Clause.

40.   Even if the restrictions on out-of-state breweries were evenhanded, they still violate the dormant Commerce Clause's prohibition on state regulation that unduly burdens interstate commerce. *Pike*, 397 U.S. at 142.

41.   Pennsylvania restricting the quantity of beer that out-of-state breweries ship directly to consumers and requiring them to obtain a retail or wholesale license substantially burdens interstate commerce. These burdens are excessive in relation to any putative local interests. Thus, they violate the dormant Commerce Clause.

42.   Defendants act under color of state law when they enforce these unconstitutional laws against Plaintiff Urban Artifact and other out-of-state breweries, and consequently they violate 42 U.S.C. § 1983.

## REQUEST FOR RELIEF

Plaintiff Urban Artifact seeks the following relief:

A.   A declaratory judgment that 47 P.S. § 4-448, on its face and as applied to Plaintiff Urban Artifact, violates the Commerce Clause of the Constitution insofar as it places quantity limits on the amount of beer that out-of-state breweries can ship to Pennsylvania consumers and insofar as it requires out-of-state breweries to obtain a retail or wholesale license from their home state.

B.   A permanent prohibitory injunction against Defendants, their officers, their employees, agents, assigns, and all persons acting in concert with them, directing them to stop enforcing 47 P.S. § 4-448's quantity limits and its retail or wholesale license requirement.

C.   Attorney fees and costs in this action according to 42 U.S.C. § 1988; and

D.   Any further legal or equitable relief that this Court may deem just and proper.

Dated: July 17, 2024

/s/ Jack E. Brown
Jack E. Brown
PA 330582
PACIFIC LEGAL FOUNDATION
3100 Clarendon Blvd, Suite 1000
Arlington, VA 22201
Telephone: 202.888.6881
Fax: (916) 419-7747
jbrown@pacificlegal.org

Jeffrey D. Jennings*
VA 87667
PACIFIC LEGAL FOUNDATION
3100 Clarendon Blvd, Suite 1000
Arlington, VA 22201
(mailing address only)
Telephone: 202.888.6881
Fax: (916) 419-7747
jjennings@pacificlegal.org

Donna G. Matias*
CA 154268
PACIFIC LEGAL FOUNDATION
555 Capitol Mall, Suite 1290
Sacramento, CA 95814
Telephone: 916.419.7111
Fax: (916) 419-7747
dmatias@pacificlegal.org

*Petition for Special Admission
forthcoming

Counsel for Plaintiff